ALENT *v.* GWISDALA.

1. FRAUDS, STATUTE OF—ORAL CONTRACT—PART PERFORMANCE.

An oral contract whereby defendant agreed, in consideration of money furnished and work done for him by plaintiff, to buy 40 acres of land for plaintiff on a contract, to pay thereon $2,000, the balance to be paid by plaintiff, was relieved of the statute of frauds if applicable, by de-

On applicability of statute of frauds to assignment or surrender of purchaser's interest under land contract, see note in 19 L. R. A. (N. S.) 879.

fendant's buying said land on a contract, paying thereon $1,000, and putting plaintiff in possession.

2. SPECIFIC PERFORMANCE—ORAL CONTRACT—LAND CONTRACT—PART PERFORMANCE.

In a suit for the specific performance of an oral contract whereby defendant agreed, in consideration of money furnished and work done for him by plaintiff, to pay $2,000 on a contract on 40 acres of land for plaintiff, proof of the making of said contract, that defendant, in pursuance thereof, had paid $1,000 on a land contract, and had put plaintiff in possession of the land, but refused further performance, *held*, to justify a decree for full performance.

Appeal from Huron; Beach (Watson), J. Submitted April 18, 1923. (Docket No. 84.) Decided November 13, 1923.

Bill by Xavier Alent against Jacob Gwisdala and others for the specific performance of a contract. From a decree for plaintiff, defendants appeal. Affirmed.

*Boomhower & Beach,* for plaintiff.

*Walsh & Walsh,* for defendants.

STEERE, J.   Plaintiff, Xavier Alent, is stepson of defendant Jacob Gwisdala and was a small child when the latter married his mother over 30 years ago. She was possessed of some property when married to Gwisdala who was a farmer, as was also her first husband.   Alent grew up in their home on Gwisdala's farm in Paris township, Huron county, and though at times away working elsewhere he made his home there and worked for Gwisdala until he was married in 1917.   His mother died subsequent to his marriage. Gwisdala testified that when he married plaintiff's mother—

"she owned a farm at that time and sold it afterwards. She got the money. I got her property, what was left of it after she died, but spent it a long time ago. * * * When this lawsuit was commenced I had 160 acres, not worth $20,000. It is located three miles and a half from Paris, north on the State road." * * *

When this lawsuit was commenced in 1922 Alent was over 33 years of age, living with his family on a 40 acres of land near Gwisdala's farm, which the latter concededly purchased for him from defendants Kerbleski and wife under a land contract taken in his, Gwisdala's name. The contract, dated June 23, 1915, is in regular form and duly executed, the price being $3,500, terms of payment $500 on delivery of the contract, $500 on or before January 1, 1917, and balance of $2,500 on or before January 1, 1920, with interest at the rate of 5 per cent. per annum on all sums remaining unpaid.

Gwisdala made the first and second payments, amounting to $1,000, and interest on $1,000 more up to 1921. The Kerbleskis, who gave the contract and hold the legal title to the land, are not personally interested in the result of this controversy. Michael Kerbleski states his understanding of the situation and position as follows:

"Mr. Alent's father said he was buying this for Alent. I don't care who pays me. He said he was buying this for Alent for he had been a good boy for him and worked good on the farm, better than his boys. Alent was supposed to pay $1,500. The way I understood—Gwisdala pay $1,000. Mr. Gwisdala paid me a thousand on the contract and supposed to pay another thousand to Alent, and then they was going to transfer the contract to Alent. Of course it is nothing to me who pays me. I don't care to who he assigns the contract. * * * Mr. Gwisdala said about Mr. Alent paying the balance over and above the $2,000. 'He will have to pay $1,500 and he can do what he like.' "

Plaintiff had no written agreement from Gwisdala. He relies on possession and performance. The grounds for relief alleged in his bill are in brief that he remained at home and worked faithfully on the farm, except as he at times worked elsewhere and turned over his pay to his stepfather, until he was 28 years of age, the latter repeatedly agreeing that in consideration of the work plaintiff did for him and the money he furnished to him he would buy plaintiff a farm; that in pursuance of such agreement Gwisdala in 1915 bought for plaintiff the 40 acres in question for $3,500 under a land contract, agreeing with and promising plaintiff, in consideration of the work and money the latter had furnished him, that he would pay $2,000 on said land contract, and the remaining $1,500 should be assumed and paid by plaintiff; that subsequent to his marriage in 1917, in compliance with such agreement and the wishes of Gwisdala, he moved upon and took possession of the 40 acres, has resided thereon ever since, had entire control of and the proceeds from it, built fences, farmed and improved the same and increased its value; that he has regularly paid the interest on the $1,500 he assumed and stands ready and willing to pay that amount on the balance now due on the contract, which Gwisdala yet holds in his own name and refuses to pay the remaining $1,000 he assumed, although he paid the interest thereon up to 1921.

The relief asked is:

"1. A decree of this court evidencing the title to said land of plaintiff, and that upon payment in full of said contract a deed is to be made thereof to plaintiff.

"2. A decree of this court fixing the amount payable by said defendant, Jacob Gwisdala, to plaintiff, and process to enforce payment of the same.

"3. Such other and further relief in the premises as to this court shall seem meet and equitable."

The testimony was taken in open court. The circuit judge found and held:

"That plaintiff has been in possession, put in possession by Gwisdala, since 1918, making improvements. That in consideration of the work of plaintiff, Xavier Alent the stepson of defendant Gwisdala, for said Gwisdala, for some seven years after said plaintiff attained his majority, and also in consideration of lands, moneys and property received by said defendant Gwisdala from the mother of plaintiff, said Jacob Gwisdala undertook to purchase said forty acres of land from said Michael Kerbleski for the use and benefit of plaintiff Xavier Alent to this extent: That said Jacob Gwisdala, at the time of making said land contract for the aforesaid consideration, promised and agreed with plaintiff that said forty acres was plaintiff's land and that he, Jacob Gwisdala, would pay said Kerbleski, upon the purchase price of the same, $2,000 upon the principal, and the interest upon any part of said $2,000 unpaid, and that said plaintiff was to pay the remaining $1,500 of the purchase price of said forty acres; that said Jacob Gwisdala has paid the interest on the $1,000 remaining unpaid of the $2,000 which said Gwisdala so undertook to pay except two payments of $50 each of such interest.

"That said Jacob Gwisdala, in the making of said land contract, was the equitable trustee of plaintiff Xavier Alent, and although said contract stands in the name of Jacob Gwisdala, as vendee, said plaintiff was and is the real party in interest, and that said consideration for said undertaking in regard to said land by Jacob Gwisdala, which consideration passed to Gwisdala, was good and sufficient, therefore," etc.

A careful examination of the pleadings and testimony in this case fully confirms these findings and conclusions. By his answer and evidence Gwisdala admits that the 40 acres was purchased for Alent, that he told him to take possession of it, and that he paid $1,000 on the purchase price, does not deny that Alent has since then been in possession of the property claiming to own it, has since then paid $75 a year

as interest on $1,500 while he himself paid interest on $1,000, except as stated, and offers to assign the contract to plaintiff if not required to pay the additional $1,000 claimed, although he denies in that connection any agreement or contract obligations to do so. The testimony from many sources as to what he repeatedly said and did is convincing that the oral agreement and consideration therefor were as the trial court found.

Counsel for defendants point out that the circuit judge held Gwisdala was the equitable trustee of Alent and should pay the additional $1,000 on the contract, cite the statute of frauds (3 Comp. Laws 1915, § 11975) with decisions thereunder and urge as a defense the principle that no express trust in land can rest in parol, saying in reply to the claim that admissions in the answer are a sufficient writing to satisfy the statute:

"The answer specifically denies that the defendant agreed to pay the additional one thousand dollars, and this additional thousand dollars is a term of the alleged trust and is the chief issue in this case."

Gwisdala acknowledged in writing that he bought the land for Alent, he bound himself in the written contract to pay the entire price of $3,500 therefor, did pay $1,000 of it and interest on the additional $1,000 in dispute, put Alent in possession as owner, and testified that he made his will about a year before the hearing "and in that will I made a provision to pay him (Alent) this $1,000 on this contract * * *. If I die I put that in record, they wont have to have any lawsuit."

While there is evidence in writing connected with the case from which it can be plausibly contended the statute has been satisfied if applicable, we do not regard that question as controlling here. The contract which the court rightly found existed between

225—Mich.—3.

Gwisdala and Alent was relieved of the statute of frauds by possession. It had been part performed. All that remained to fully execute it was for Gwisdala to pay the $1,000 to Alent or to Kerbleski for him and assign the Kerbleski land contract to him. The latter he offers to do, but refuses to make the additional payment demanded, leaving for consideration the single question of his obligation under the terms of their °agreement to pay the additional $1,000. On that issue the court found against his contention. His promise to pay Alent was not in consideration for, but with real estate. The consideration to him was money furnished and work done for him by Alent. Although incidentally a part of their agreement, no interest in real estate is directly affected or involved in compelling him to pay the $1,000 to or for Alent as he agreed. Jurisdiction of the chancery court in the controversy having been established by plaintiff's pleadings and proofs, the court was authorized to decree full performance of the contract.

The decree is affirmed, with costs to plaintiff against defendant Gwisdala.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, SHARPE, and MOORE, JJ., concurred.